DOMINICA SCIARUTO, Respondent, v. EDITH M. SCOVELL et al., Appellants.— REYNOLDS, J. Appeal from an order of the Supreme Court, Cortland County, denying appellants' motion for summary judgment dismissing the complaint. Respondent sustained personal injuries when while walking to work she was struck by a motor vehicle driven by appellant, Edith M. Scovell, a co-worker. The accident, which happened 10 to 15 minutes before the 7:00 A.M. scheduled time for work to commence, occurred at the point at which the public sidewalk along the easterly side of Main Street, Cortland, must be crossed by vehicles to enter the employer's parking lot. Appellants urge the complaint should be dismissed because respondent's exclusive remedy was under Workmen's Compensation (Workmen's Compensation Law, § 29, subd. 6). Respondent's position is that the provisions of the Workmen's Compensation Law are not applicable because she was not in the "course of employment" until she entered the employer's plant. Special Term held that the test was whether the property on which the accident occurred was "under the dominion and control of the employer" and denied summary judgment on the ground that there was no evidence "to show to whom this sidewalk belonged and who exercised dominion and control over it." We agree with Special Term. Since generally the risks of travel to and from work are not risks of employment (e.g., *Matter of Mahar* v. *Hills Baking Co.,* 22 A D 2d 983) if the employer did not exercise dominion and control over the part of the sidewalk constituting part of the entrance to the parking lot, there would be no valid basis to find that the accident was within the course of employment and that respondent's exclusive remedy was Workmen's Compensation benefits. However, conversely if such dominion and control over that portion of the sidewalk existed the defense of subdivision 6 of section 29 of the Workmen's Compensation Law would be available (*Matter of Kane* v. *New York State Dept. of Ins.,* 27 A D 2d 344). As Special Term noted the question of dominion and control presents an issue of fact which cannot be determined on the instant motion and, accordingly, summary judgment was properly denied. Order affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Reynolds, J.